```
UNITED STATES DISTRICT COURT
  EASTERN DISTRICT OF LOUISIANA


MERVY LLOYD MONGAYA and                          CIVIL ACTION
RICHARD J. DODSON

v.                                               NOS. 18-8827,
                                                 18-8828, and
                                                 18-8829

AET MCV BETA, LLC                                SECTION "F"
```

ORDER AND REASONS

Before the Court are two motions: (1) the plaintiffs' motion to remand; and (2) the defendant's motion to dismiss. For the reasons that follow, the plaintiffs' motion to remand is GRANTED, and the defendant's motion to dismiss is DENIED for lack of jurisdiction.

**Background**

This consolidated lawsuit[1] finds its genesis in the personal injuries sustained by a Filipino seaman who worked aboard a Marshall Islands flag vessel while on navigable waters off the coast of Florida.

On March 1, 2016, Mervy Lloyd Mongaya, a citizen of the Philippines, entered into a Philippine Overseas Employment Administration Contract of Employment with AET Shipmanagement Pte Ltd ("AET"). In accordance with the requirements of the

---

[1] There are three consolidated lawsuits in this procedurally overly-muddled dispute.

Philippines, Mongaya's employment contract contains both an arbitration clause and a choice of law provision.[2] Pursuant to the contract, Mongaya served as a seaman aboard the M/T EAGLE TEXAS, a vessel registered in the Republic of the Marshall Islands. However, neither the vessel owner or the vessel operator were signatories to his contract.

On August 4, 2016, Mongaya allegedly sustained severe head injuries aboard the M/T EAGLE TEXAS while off the coast of Florida, for which he claims to be permanently paralyzed from the chest down. This single incident has generated a number of lawsuits in many courts.

First, on March 14, 2017, Mongaya filed suit in the Marshall Islands High Court against the vessel owner and several other

---

[2] The arbitration clause provides:

> In cases of claims and disputes arising from this employment, the parties covered by a collective bargaining agreement shall submit the claim or dispute to the original and exclusive jurisdiction of the voluntary arbitrator or panel of voluntary arbitrators.

And the choice of law provision stipulates:

> Any unresolved dispute, claim or grievance arising out of or in connection with this contract including the annexes thereof, shall be governed by the laws of the Republic of the Philippines, internal conventions, treaties and covenants to which the Philippines is a signatory.

entities, asserting claims of negligence, unseaworthiness, and maintenance and cure (the "RMI Litigation"). The vessel owner and its co-defendants moved to stay that lawsuit and compel arbitration pursuant to the arbitration clause in Mongaya's employment contract. On August 10, 2017, the Marshall Islands High Court granted the vessel owner's motion to stay, holding that, under Islands law, Mongaya must arbitrate his personal injury claims against all defendants, including non-signatories, in the Philippines. Mongaya, represented by Dodson & Hooks APLC, appealed the High Court's arbitration order, and on August 10, 2018, the Marshall Islands Supreme Court affirmed the order compelling arbitration in the Philippines as to all defendants, including the vessel owner. In so doing, the Islands court noted that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") did not apply to Mongaya's claims because the Islands had not enacted it into domestic law.

In the meantime, Mongaya initiated arbitration proceedings in the Philippines. However, he elected not to include the vessel owner in the arbitration, despite the Islands court's ruling. On May 31, 2018, the arbitrator issued an award in favor of Mongaya, which he has appealed to the National Labor Relations Commission in the Philippines.

On August 27, 2018, Mongaya, again represented by Dodson & Hooks APLC, sued the vessel owner in the 23rd Judicial District

3

Court for the Parish of St. James, Louisiana (the "Louisiana Personal Injury Action"), alleging claims of unseaworthiness and negligence, and seeking damages stemming from the same alleged injury at issue in the RMI Litigation and the Philippines Arbitration. Mongaya also sought attachment of the M/T EAGLE TEXAS. To avoid detention of its vessel, its owner agreed to provide security for Mongaya's claims in the Louisiana Personal Injury Action in the amount of $9.5 million.

In response, on September 6, 2018, the vessel owner filed a motion in the RMI Litigation, seeking to enjoin Mongaya and his counsel from maintaining the alleged duplicative Louisiana Personal Injury Action. In that motion, the vessel owner used the word "extortion" to describe Mongaya's acts of filing the repetitious Louisiana Personal Injury Action and demanding $9.5 million in security.[3] Not to be outdone, Mongaya and Dodson responded by jointly filing two additional lawsuits in Louisiana state court on September 10, 2018: (1) a suit seeking redress for the vessel owner's alleged defamatory statements in its motion filed in the RMI Litigation (the "Defamation Action"); and (2) a separate suit seeking issuance of a temporary and permanent restraining order to enjoin the vessel owner from maintaining its

---

[3] Meanwhile, on October 9, 2018, the Islands High Court granted the vessel owner's request for a temporary injunction.

4

motion for injunctive relief before the Islands High Court (the "Injunction Action").[4]

On September 21, 2018, the vessel owner removed all three actions to this Court, pursuant to 9 U.S.C. § 205, invoking federal question jurisdiction under 9 U.S.C. § 203 and 28 U.S.C. § 1331. Following removal, this Court promptly consolidated the lawsuits.[5] Nearly a month later, Mongaya and Dodson moved to remand, and the vessel owner moved to dismiss all three lawsuits.[6] Most recently, on November 1, 2018, Mongaya voluntarily dismissed the Louisiana Personal Injury Action. Accordingly, only the Defamation and Injunction Actions remain pending.

I.

The Court first considers the plaintiffs' motion to remand. The plaintiffs contend that removal was improper under 9 U.S.C. § 205 because the arbitration clause upon which removal was based neither "falls under" the Convention, nor "relates to" any of the

---

[4] The Louisiana state court issued a temporary restraining order, which has since expired on its own terms. Accordingly, the Injunction Action currently consists of a request for a preliminary injunction.
[5] This consolidated litigation originally consisted of case numbers 18-8827 (the "Louisiana Personal Injury Action"), 18-8828 (the "Defamation Action"), and 18-8829 (the "Injunction Action"), with 18-8827 serving as the lead case.
[6] In its motion to dismiss, the vessel owner contends that: (1) the Louisiana Personal Injury Action should be dismissed because the claims asserted therein are subject to mandatory arbitration in the Philippines; (2) the Defamation Action should be dismissed for failure to state a claim; and (3) the Injunction Action should be dismissed for lack of personal jurisdiction.

state court actions. Even if removal was not initially improper, they submit, because the arbitration clause in fact provides the vessel owner with no defense, there is no federal question jurisdiction under 9 U.S.C. § 203, and the cases must be remanded.

*A.*

Title 9 of the United States Code contains the implementing legislation for the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). Congress's purpose in enacting such legislation was "to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." Acosta v. Master Maint. & Const., Inc., 452 F.3d 373, 376 (5th Cir. 2006) (quoting Sherck v. Alberto-Culver Co., 417 U.S. 506, 520 n.15 (1974)). Pursuant to 9 U.S.C. § 203, "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States," such that the "district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." Moreover, 9 U.S.C. § 205 provides that a defendant may remove an action to federal court "[w]here the subject matter of [the] action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention." Accordingly, to remove a state

6

court action pursuant to § 205, a defendant must show that (1) an arbitration agreement "falls under" the Convention, and (2) the state court litigation "relates to" the arbitration agreement. Besier v. Weyler, 284 F.3d 665, 666 (5th Cir. 2002).

*B.*

An arbitration agreement "falls under the Convention" when it arises out of a commercial legal relationship, and at least one of the parties to the agreement is not a U.S. citizen. Id. at 666 n.2 (citing U.S.C. § 202; Sedco, Inc. v. Petroleos Mexicanos Mexican Nat. Oil Co., 767 F.2d 1140, 1144 (5th Cir. 1985)). The arbitration clause contained within Mongaya's Philippines approved employment contract satisfies this standard. First, the Fifth Circuit has held that such contracts with Filipino seamen arise out of a commercial legal relationship. See Francisco v. STOLT ACHIEVEMENT MT, 293 F.3d 270, 274 (5th Cir. 2002). Second, Mongaya is not an American citizen.

The plaintiffs, however, contend that the "falling under" prong is not satisfied because (1) the Islands Supreme Court has determined that the Convention does not apply to Mongaya's personal injury claims, and (2) the vessel owner is not a signatory to the contract that contains the arbitration clause. Both contentions are without merit. First, the plaintiffs misconstrue the Islands Supreme Court's ruling. In upholding the High Court's order compelling Mongaya to arbitrate his personal injury claims in the

7

Philippines, the Islands Supreme Court held that *it* could not apply the Convention because the Marshall Islands had not enacted the Convention into domestic law. But the United States has enacted the Convention into its domestic law. See 9 U.S.C. § 201. Second, the plaintiffs overlook that a party's non-signatory status is not relevant to the inquiry of whether some particular arbitration clause "falls under" the Convention. Accordingly, the Court finds that the arbitration clause contained within Mongaya's Philippines approved employment contract "falls under" the Convention.

*C.*

The Court next considers the "relates to" requirement under § 205. "Stated as a rule, a clause determining the forum for resolution of specific types of disputes *relates to* a lawsuit that seeks the resolution of such disputes." Acosta, 452 F.3d at 379 (emphasis added). The Fifth Circuit emphasized in Beiser v. Weyler that the "relates to" requirement is a "low bar:"

> [W]henever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the agreement "relates to" the plaintiff's suit. Thus, the district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense. As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case.

8

Id. at 669.[7]

In other words, Beiser instructs that, "absent the rare frivolous petition for removal, as long as the defendant claims in its petition that an arbitration clause provides a defense, the district court will have jurisdiction to decide the merits of that claim." Id. at 671-72.[8] However, Beiser also instructs that, once the district court determines otherwise – that is, that the arbitration clause does not provide a defense – remand is required. Beiser states:

> Under § 205 . . . the federal issue in cases will often be resolved early enough to permit remand to the state court for a decision on the merits. The arbitrability of a dispute will ordinarily be the first issue the district court decides after removal under § 205. **If the district court decides that the arbitration clause does not provide a defense, and no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court.** See 28 U.S.C. §

---

[7] In justifying its liberal definition of "relates to," the Fifth Circuit has explained:
> [This standard] allows the district court to determine its jurisdiction from the 'petition for removal' itself, and keeps the jurisdictional and merits inquiries separate.
> . . .
> [C]onflating jurisdiction and the merits would deprive defendants of an opportunity to appeal in a significant class of cases in which the district court concludes that the arbitration clause under the Convention does not in fact provide a defense.

Id. at 672.

[8] "The federal question jurisdiction conferred by § 205 [is unlike] most other forms of federal question jurisdiction: it permits removal on the basis of a federal defense." Id. at 671.

9

> 1441(c) (granting district court discretion to remand all claims in which state law predominates); Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 585 (5th Cir. 1992) (noting that when all federal claims are resolved early in a lawsuit and only state law claims remain, the district court almost always should remand to the state court); Wong v. Stripling, 881 F.2d 200, 204 (5th Cir. 1989) (same). Except for state law claims that turn out to be subject to arbitration, § 205 will rarely permanently deprive a state court of the power to decide claims properly brought before it. The district court will ordinarily remand those cases that turn out not to be subject to arbitration, such that the state court will be able to resolve the merits of the dispute.

Id. at 674-75 (emphasis added).

It cannot reasonably be questioned that the Louisiana Personal Injury Action "relates to" the arbitration clause contained within Mongaya's employment contract. Indeed, Mongaya's claims in that action concern personal injuries he sustained during his employment aboard the M/T EAGLE TEXAS, which is governed by his employment contract with AET. And the vessel owner asserts in its Notice of Removal that Mongaya's employment contract "mandate[s] that this dispute must be arbitrated in the Philippines." Regardless of whether the vessel owner, a non-signatory to that contract, could in fact compel arbitration of those claims, it nonetheless contends in its Notice of Removal "that an arbitration clause falling under the Convention provides a defense," and "it is at least conceivable that the arbitration

10

clause will impact the disposition of the case." See Beiser, 284 F.3d at 669. Accordingly, removal of the Louisiana Personal Injury Action pursuant to § 205 was proper.

The "relates to" inquiry respecting the Defamation and Injunction Actions is different. In its Notice of Removal, the vessel owner submits:

> Mong[a]ya and Dodson's claims in the Louisiana Defamation Lawsuit [and the Louisiana Injunction Lawsuit] are inexorably intertwined with the ongoing proceedings in the Marshall Islands Litigation, all of the litigation (both in the Marshall Islands and in Louisiana) relates to the enforceability of Mong[a]ya's arbitration agreement, and Plaintiffs' claims in the[se two lawsuits] "relate[] to" an arbitration agreement governed by the Convention.

Moreover, the owner contends in its opposition papers that the claims asserted in these cases (for defamation in a statement made in pleadings attempting to enforce the arbitration clause, and for an injunction to prevent the owner from enforcing the arbitration clause) would not exist but for the agreement to arbitrate. Accordingly, the owner of the vessel submits, these two actions represent part of the plaintiffs' concerted attempts to avoid the arbitration mandate and to attempt to recover more than awarded by the arbitrator in the Philippines.

Although the vessel owner maintains throughout its opposition papers that the arbitration clause operates as an "important defense" to these proceedings, it does not articulate precisely

11

what that defense is respecting the Defamation and Injunction Actions. See Goel v. Ramachandran, 823 F. Supp. 2d 206, 216 (S.D.N.Y. 2011)("Here, Ramachandran claims that he has raised the arbitration clause as a defense . . . , but he has not indicated what that defense is. In Beiser, the arbitration agreement . . . was a possible defense because the defendant was seeking to compel the non-signatory plaintiff to arbitrate the parties' dispute . . . . Here, in contrast, Ramachandran is not seeking to have his dispute arbitrated."). Because the vessel owner does not contend that the claims asserted in the Defamation and Injunction Actions are arbitrable, or otherwise indicate how the arbitration clause will affect the outcome of those actions, it has failed to establish that these claims "relate to" the arbitration agreement within the meaning of § 205. Accordingly, these two actions were not properly removed under § 205.

Because the Louisiana Personal Injury Action has since been voluntarily dismissed, and an independent federal jurisdictional basis does not exist respecting the Defamation or Injunction Actions, remand is appropriate. Accordingly, for the foregoing reasons, IT IS ORDERED: that the plaintiffs' motion to remand is GRANTED, and the defendant's motion to dismiss is DENIED for lack of jurisdiction.

New Orleans, Louisiana, November 19, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE